# Grant, Appellant, *v.* Philadelphia, Baltimore & Washington Railroad Company.

*Negligence—Railroads—Death—Presumption—Evidence.*

In an action against a railroad company by parents, to recover for the death of a son, the only evidence as to the accident was that the body of the deceased was on the railroad at some little distance from a permissive crossing, and that blood marks at the crossing indicated that he had been struck there.   The evidence also showed that at the point in question, he sometimes walked the tracks longitudinally to the crossing, and sometimes approached the crossing from a route not along the tracks.   There was nothing to show which route he used at the time of the accident.   *Held,* that the plaintiffs could not recover.

266 GRANT, Appellant, *v.* PHILA., B. & W. R. R. CO.

Argued March 21, 1906. Appeal, No. 8, Jan. T., 1906, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., March T., 1905, No. 4,092, on verdict for defendant in case of Reuben Grant and Margaret Grant v. Philadelphia, Baltimore & Washington Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Trespass by parents to recover damages for the death of their adult son. Before CARR, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*Duane, Morris, Heckscher & Roberts,* with them *Albert T.* and *Harry T. Bauerle,* for appellant.

*John Hampton Barnes,* for appellee.

PER CURIAM, May 14, 1906 :

The body of the deceased was found on the railroad at some little distance from a permissive crossing, and blood marks at the crossing indicated that he had been struck there. This was all the evidence as to the accident. No witness saw it. The testimony further showed that deceased had made an engagement the previous evening to go to a house near the railroad crossing, and that his habit was to go first to his place of employment from which he might get to the place of his appointment on the other side of the tracks by either of two routes, one of which would lead him to the tracks at the crossing while the other would require a walk of some little distance along the tracks before reaching the crossing.

If deceased was walking the tracks longitudinally he was guilty of plain contributory negligence, and as the testimony was that he was in the habit of using both ways, the jury could only guess which way he took on that occasion. The plaintiffs, therefore, failed to show a case clear of contributory negligence.

Judgment affirmed.