# Terry v. Delaware, Lackawanna & Western Railroad Co., Appellant.

*Negligence—Railroads—Statement of claim—Amendment.*

A statement of claim in a negligence case against a railroad may be amended so as to limit and define the precise location of the accident within the space described in the statement, if it does not impose any new or different duty' on the defendant other than that originally averred.

*Negligence—Railroads—Death while crossing railroad—Permissive crossing—Presumption—Evidence—Case for jury.*

Where a person is found dead on a permissive highway which crosses a railroad at grade, the presumption is that he was rightfully on the highway, and that he was killed while crossing.

At a permissive crossing a railroad company owes to those using it the duty of reasonable care; and whether or not such reasonable care was exercised, is ordinarily a question for the jury under all the evidence.

Where a person is found dead on a permissive crossing over a railroad, the presumption is, in the absence of evidence, that he stopped, looked and listened before crossing; but the railroad company is likewise entitled to the presumption that through its agents it did its full duty in approaching the crossing.

Where a person testifies that he knew of a particular train passing a particular point at a certain time, that he had observed the train for three months and was looking for it at the time an accident occurred, that there was no headlight, and that he listened for a whistle to be blown or a bell rung, and that he heard neither, such evidence is sufficient to submit to a jury to rebut the presumption that the company had done all that was required of it in approaching a grade crossing, although all of the trainmen, who did not know of the accident until hours afterwards, testified to the contrary.

Where a person is found dead at a permissive crossing and there is no dispute that he was struck by a train, but no one saw the accident which happened in the nighttime, the deceased cannot be charged with contributory negligence as a matter of law because the tracks were for some distance straight, and in daytime an approaching train could be easily seen.

Argued March 2, 1915.   Appeal, No. 39, March T.,

1915, by defendant, from judgment of C. P. Luzerne Co., June T., 1911, No. 181, on verdict for plaintiff in case of Ada Terry v. Delaware, Lackawanna & Western R. R. Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. De- fendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. H. Oliver,* with him *B. R. Jones* and *D. R. Reese,* for appellant.—The amendment was improperly al- lowed: Mahoney v. Park Steel Co., 217 Pa. 20; Phila- delphia v. Hestonville, Etc., Railroad Co., 203 Pa. 38; Grier v. Assurance Co., 183 Pa. 334; Lane v. Sayre Water Co., 220 Pa. 599; Martin v. Pittsburgh Ry. Co., 227 Pa. 18.

There is right to recover where the evidence fails to disclose affirmatively that the accident happened at the alleged permissive crossing: Grant v. Philadelphia B. & W. R. R. Co., 215 Pa. 265; Cawley v. B. & O. R. R. Co., 44 Pa. Superior Ct. 340.

3. There is no right of the plaintiff to recover where all positive testimony is that signals were given—the testimony of no signals being negative in character: Keiser v. Lehigh Valley R. R. Co., 212 Pa. 409; Anspach v. Philadelphia, Etc., Ry. Co., 225 Pa. 528; Mellet v. Reading Transit Co., 55 Pa. 465; Leader v. North. Cent. Ry. Co., 246 Pa. 452; Charles v. Lehigh Valley R. R., 245 Pa. 496.

There is no right of the plaintiff to recover in this case where the view of approaching trains is unob-

structed for a long distance and under the following additional circumstances.

(A) Accident happened before sunrise.

(B) All the positive testimony that headlight was burning—negative testimony that it was not burning.

(C) Uncontradicted testimony that two classification lights in front of engine were burning.

(D) Train itself could be seen for a thousand feet: Nelson v. P., C., C. & St. L. Ry. Co., 57 Pa. Superior Ct. 541; Welsh v. Penna. R. R. Co., 222 Pa. 162; Tozer v: Altoona, Etc., E. Ry. Co., 45 Superior Ct. 417; Shope v. Central Penna. Traction Co., 242 Pa. 207; Hamilton v. C. R. R. of N. J., 227 Pa. 137; Urias v. Penna. R. R. Co., 152 Pa. 326; Beach v. Penna. R. R. Co., 212 Pa. 567; Paul v. Philadelphia & Reading, 231 Pa. 338; Evans v. Penna. R. R. Co., 226 Pa. 370; Myers v. B. & O. R. R., 150 Pa. 386.

*Chas. B. Lenahan,* with him *Joseph P. Lord,* for appellee, cited: Taylor v. Delaware & Hudson Canal Co., 113 Pa. 162; Lodge v. Pittsburgh and L. E. R. R. Co., 243 Pa. 10; Haverstick v. Penna. R. R. Co., 171 Pa. 101; Laib v. Penna. R. R. Co., 180 Pa. 503; Hugo v. B. & O. R. R., 238 Pa. 594.

OPINION BY KEPHART, J., July 21, 1915:

The original statement sets forth "that the said railroad in the Borough of Dorranceton, or partly in the Borough of Dorranceton and partly in the Borough of Luzerne, crosses a street known as John street, in the said Borough of Dorranceton, where the said street connects with or runs into Marion street in the said Borough of Luzerne; that the said railroad crosses said street or streets at grade." These boroughs are contiguous, the line between them being about the center line of the railroad. John street and Marion street end at the railroad, or rather intersect the streets running parallel with the railroad in their respective boroughs.

If both streets were projected across the tracks they would be from twenty to thirty feet apart. Plaintiff amended her statement by averring that for many years prior to the date of the accident there was a well-defined pathway across the tracks which was used for foot travel going from Marion street to John street. This amendment did not change the cause of action or the location of the accident. It did not impose any new or different duty on the defendant other than what was embraced in the original statement. It did limit and define the precise location of the accident within the space described in the statement. The first assignment of error is overruled.

After a careful examination of the plaintiff's evidence relating to the location, use and existence of the permissive crossing, and the testimony relative to the place where the deceased was found, we are convinced that there was sufficient evidence from which the jury might reasonably infer that the deceased was injured while using the permissive crossing. When the deceased was found on a permissive highway, which crosses the railroad at grade, it being a public highway to the extent of its use, the presumption is that he was rightfully on the highway for the purpose of crossing and that he was injured while crossing: Lehigh Valley R. R. Co. v. Hall, 61 Pa. 361; Welsh v. Erie, Etc., Railroad Co., 181 Pa. 461. We cannot agree with the learned counsel for the appellant that with mathematical accuracy it can be stated positively from the testimony that the place at which Terry was found was some distance west, or towards Kingston, from the permissive pathway. The plaintiff fixes the location of the deceased, at a point close to the outside rail of the track next to and immediately opposite John street. The location of the permissive crossing runs diagonally from John street to Marion street. From this description it might be fairly found by the jury that the place where the deceased was lying was on the permissive crossing. Appellant can

only reach its conclusion here urged by excluding all the testimony except that as to the ends of the eastern and western lines of John and Marion streets, and drawing a diagonal line between these points and confining the deceased to that line. The location of the pails of coal carried by the deceased was not fixed with definiteness. If it had been, their mere location a few feet away from the permissive crossing would not be conclusive as to the place where the accident occurred. Such evidence would not overcome the presumption arising from the finding of the injured man on the permissive crossing. It would not warrant the court in holding that the deceased was a trespasser, and as such trespasser, the defendant owed him no duty. The second assignment of error is overruled.

Shortly before six o'clock on the morning of December 16, 1910, while it was quite dark, the deceased, who had apparently gone from his home to a canning factory close by, where he worked, to secure two pails of coal for domestic use, while returning was run down by a train of the defendant and received injuries from which he died in a few days. No one saw the accident, nor is there any evidence fixing the deceased on the permissive crossing before the accident occurred. There is no dispute that the defendant was injured by a train, and the identity of the train is apparently admitted. From sufficient evidence the jury has fixed the place of the accident as being on the permissive crossing. At such crossing the defendant owed to those using it the duty of reasonable care, and whether or not such reasonable care was exercised is ordinarily a question for the jury under all the evidence: Lodge v. Pitts. & L. E. R. R. Co., 243 Pa. 10; Taylor v. Delaware & Hudson Canal Co., 113 Pa. 162. In the absence of evidence, the deceased is presumed to have stopped, looked and listened before crossing a railroad at a public highway; but the defendant is likewise entitled to the presumption that through its agents it did its full duty in approaching the cross-

ing: Hanna v. Philadelphia & Reading Ry. Co., 213 Pa. 157; P. R. R. Co. v. Weber, 76 Pa. 157. To rebut this presumption in favor of the defendant, the plaintiff contended that it failed to give proper signals or to have a headlight on its engine lighted. Witness Brace testified that he observed this train passing nearly every morning for three months; that he knew it was due about the time of the accident; that he had been expecting it on this particular morning; that when the train passed there was no headlight on the engine; that he listened for the whistle to be blown and the bell to be rung on this particular morning, and there was no whistle blown or bell rung. He was on the back porch long enough before the train passed to hear the signals if any were given, and in such a position that he could observe the headlight. This evidence of the failure of the defendant to perform its duty was positive and direct and if believed was sufficient, with other evidence, to rebut the presumption that the defendant had done all that was required of it in approaching a grade crossing. It is argued, however, that the evidence of the train crew was so overwhelming and convincing as to the performance of appellant's duty as to bring the case in line with Keiser v. Lehigh Valley R. R. Co., 212 Pa. 411, and Charles v. Lehigh Valley R. R. Co., 245 Pa. 496. It is there held that the testimony of a number of witnesses that they did not hear the bell rung or whistle blown cannot prevail against the positive and conclusive testimony of the railroad company clearly showing these duties to have been performed. The evidence in this case, however, is not of the character noted in the cases just referred to. The testimony before us is positive testimony. After a careful consideration of appellant's evidence, there is much in it which weakens its force. The recollection of some of the witnesses was based on their customary method of giving signals. They did not know of the accident until many hours afterwards, and there was nothing to impress on their minds when the warning was given. This

case is much similar in this aspect to that of Haverstick v. P. R. R. Co., 171 Pa. 101; Laib v. P. R. R. Co., 180 Pa. 503; and Hugo v. B. & O. R. R. Co., 238 Pa. 594, where it is held "that the presumption that the trainmen performed their duty when a train approached a grade crossing might be rebutted by the testimony of a single witness of the plaintiff that no whistle was sounded or bell rung" To establish the contributory negligence of the defendant, appellant must depend largely on its theory that it had performed its duty. When the accident occurred it was dark. The tracks, for some distance, were straight, and in daytime an approaching train could be easily seen. At night the range of vision is somewhat limited and lights of any kind moving in a direct line are very deceptive and confusing. On the plaintiff's theory of the case, with the absence of the signals and headlights, the court could not, as a matter of law, hold the plaintiff guilty of contributory negligence. The small classification lights were not intended to give notice of a moving train: Johnson v. Philadelphia & Reading Ry. Co., 232 Pa. 378. It is only in clear cases that the question of contributory negligence becomes one of law.

Grant v. Philadelphia, Baltimore & Washington R. R. Co., 215 Pa. 265, relied upon by appellant, is not in conflict with the conclusion here reached. In that case it was held that where a person is known to reach a highway crossing a railroad at grade by two routes, one of which he can lawfully use, and in the use of the other he is a trespasser, and when the body of such person is found on the tracks off the highway, and blood stains at the highway indicate that he had been struck while on the crossing, the Supreme Court held that the jury would not be permitted to guess how the man reached the highway, there being no evidence as to which route he had used to reach the grade crossing at the time he was killed.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.