## Hepps, Appellant, *v.* Bessemer & Lake Erie R. R. Co.

*Negligence—Railroads—Automobiles — Collision—Grade crossing — Master and servant — Principal and agent — Contributory negligence—Imputed negligence—Stop, look and listen.*

1. Where a tradesman requests an acquaintance who owns an automobile to drive him from his place of business to various points where he may make deliveries to customers, the tradesman is not a passenger; the relation between himself and the driver is that of master and servant or principal and agent.

2. If the tradesman is injured in a collision at a grade crossing, the contributory negligence of the driver is to be imputed to him.

3. Where a person drives an automobile in front of a rapidly approaching train, which he could have seen if he had looked, he cannot recover for injuries sustained.

Argued October 2, 1925.   Appeal, No. 118, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 2103, for defendant n. o. v., in case of Jacob Hepps v. Bessemer & Lake Erie R. R. Co.   Before

480 HEPPS, Aplnt., *v.* BESSEMER & L. E. R. R. CO.

Statement of Facts—Opinion of the Court. [284 Pa.
MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HAYMAKER, J.
The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,000, on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Ralph P. Tannehill,* for appellant.—The case was for the jury: Nelson v. Traction Co., 276 Pa. 178; Shaffer v. R. R., 258 Pa. 288; Azinger v. R. R., 262 Pa. 242; Hardie v. Barrett, 257 Pa. 42; Dean v. R. R., 129 Pa. 514; Jerko v. Ry., 275 Pa. 459; Wolf v. Sweeney, 270 Pa. 97; Senft v. Ry., 246 Pa. 446.

*George D. Wick,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee.—The facts clearly constitute the relationship of master and servant between the appellant and the driver of the automobile: Schofield v. Director General, 276 Pa. 508.

Driver and appellant were guilty of contributory negligence: Myers v. R. R., 150 Pa. 386; Smith v. Mc-Adoo, 266 Pa. 328; Lessig v. R. T. & L. Co., 270 Pa. 299; Seiwell v. Hines, 273 Pa. 259.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1925:
Plaintiff appeals from a judgment overturning a verdict in his favor in an action for damages for personal injuries received in a grade crossing collision between a locomotive and an automobile in which he was riding.

There are two questions for determination. What was the relation of plaintiff to the driver of the automobile? Was the collision due to contributory negligence?

The facts giving rise to the first question are not in controversy. Plaintiff was a butcher and having orders

to deliver to customers living some distance from his place of business requested an acquaintance who owned an automobile to drive him to the delivery points. The owner of the automobile agreed to do so and when they were crossing defendant's railroad, the owner driving, the car was struck by a locomotive and appellant was injured. It is assumed by counsel for plaintiff that he was a passenger in the automobile. With this we cannot agree. Clearly the driver of the car was plaintiff's agent or servant: Schofield v. Director General of Railroads, 276 Pa. 508. As we decided in that case, the driver's contributory negligence is to be imputed to appellant. That either the plaintiff, the driver, or both, were negligent is beyond question. Plaintiff, the only witness who detailed what occurred just before and at the time of the collision, testified that about three o'clock in the afternoon they approached the single track grade crossing with which he was entirely familiar, having been accustomed to drive over it repeatedly for several years, and, when they came to a point ten or fifteen feet from the rail, they stopped, looked and listened, with an opportunity to see between two hundred and two hundred and fifty feet down the tracks in the direction from which the locomotive came (other witnesses, one of whom was called by plaintiff, testified to a much longer view) ; seeing nothing, the driver started the automobile "and just about the time the front part of the machine was on the track" plaintiff saw the engine between seventy-five and a hundred feet away moving, as he testified, at from thirty-five to forty miles an hour. No explanation is vouchsafed as to why the approaching locomotive was not noticed sooner. If the occupants of the automobile had looked before they did, they would have seen the engine from the time it entered their zone of observation two hundred to two hundred and fifty feet in extent; it had traversed more than half this space within their clear view before they took note of it. Plainly, therefore, it was their failure to observe what

was happening that led to the collision, and, this being so, no right of recovery exists in plaintiff, it matters not whose actual fault it was, his or his agent's, the driver of the car. It appeared that it was raining when the collision occurred and there was some evidence of a misty condition; this, however, is of no importance because plaintiff said that, when they stopped, they could see the distance referred to along the rails and the evidence discloses that the track was straight for at least seven hundred feet.

Where a person drives an automobile in front of a rapidly approaching train which he could have seen if he had looked, he cannot recover for injuries sustained: Seiwell v. Hines, Director General, 273 Pa. 259.

The judgment is affirmed.