# Winner, Appellant, *v.* Mellon, Director General.

*Negligence—Railroads—Automobiles—Collision at grade crossing—Contributory negligence.*

1. Where a person drives an automobile in front of a rapidly approaching train, which he could have seen if he had looked, he cannot recover.

2. The owner of a truck cannot recover for damages suffered by the truck at a grade crossing in a collision between a train and the truck, where the evidence shows that plaintiff, on the truck at the time, was familiar with the crossing and the schedules of the trains, that there were four tracks at the crossing, that when, within six or eight feet of the first track, he alighted and looked, and, according to his testimony, saw nothing, although the tracks were visible for nine hundred feet, that he then directed the driver to move on, and the truck was struck on the second track by a train going at a high rate of speed.

Argued October 1, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 109, March T., 1926, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1920, No. 382, for defendant n. o. v., in case of J. C. Winner v. Andrew W. Mellon, Director General of Railroads and Agent. Affirmed.

Trespass for damages to truck.   Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which judgment for defendant n. o. v. was entered.   Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*William D. Grimes,* for appellant.—Plaintiff was not guilty of contributory negligence, and his conduct was a question for the jury: Thomas v. R. R., 275 Pa. 579; Rice v. R. R., 271 Pa. 180; Neuman v. Reading Co., 283 Pa. 416.

*Clark Miller,* with him *William H. Eckert* and *Gordon, Smith, Buchanan & Scott,* for appellee, cited: Hepps v. R. R., 284 Pa. 479; Gasser v. Ry., 266 Pa. 493; Provost v. Dir. Gen. of R. R., 265 Pa. 589; Nolder v. R. R., 278 Pa. 495; Kipp v. R. R., 265 Pa. 20; Radziemenski v. R. R., 283 Pa. 182.

OPINION BY MR. JUSTICE SCHAFFER, November 22, 1926:

In a collision with defendant's train at a grade crossing, plaintiff's truck was demolished.  Alleging that the fault lay with defendant, plaintiff brought this suit to recover his damages, and the trial resulted in a verdict in his favor, which, however, the court set aside and

entered judgment for defendant; from this action plaintiff appeals.

There were four parallel tracks crossed by the highway on which the truck was running at grade. Plaintiff was thoroughly familiar with the crossing, passing over it a number of times daily. He was also familiar with the train which caused the damage, knew that it was one of the fastest operated by the railroad company, that it was late and could be expected at any time.

Plaintiff and his driver who was operating the truck approached the tracks and when the truck was some six or eight feet from the first track it was stopped, plaintiff alighted therefrom, walked across the first track, and up to the second on which the train was approaching. He said he neither saw nor heard anything indicating the advancing train, although, notwithstanding it was a smoky, hazy day, he could see along the track for a distance of at least nine hundred feet. Observing nothing, he motioned the driver to come on and, when the truck reached him, stepped on the running board and, as he did so, he for the first time saw the train running at high speed,—sixty miles an hour,—within three hundred feet of him. He and the driver jumped and were not injured. The train struck the truck about the front wheels and it was destroyed. The driver was not called as a witness and there is consequently no evidence as to what, if any, precautions were taken by him.

On this state of facts the case is ruled in principle by Carroll v. Penna. R. R. Co., 12 W. N. C. 348, and is closely paralleled by Hepps v. Bessemer & Lake Erie R. R. Co., 284 Pa. 479. We said in the latter case "That either the plaintiff, the driver, or both were negligent is beyond question. Plaintiff......testified......they approached......the......grade crossing with which he was entirely familiar; ......when they came to a point ten or fifteen feet from the rail, they stopped, looked and listened, with an opportunity to see between two hundred and two hundred and fifty feet down the tracks in

the direction from which the locomotive came; ..... seeing nothing the driver started the automobile 'and just about the time the front part of the machine was on the track' plaintiff saw the engine between seventy-five and a hundred feet away moving...... at from thirty-five to forty miles an hour. No explanation is vouchsafed as to why the approaching locomotive was not noticed sooner. ...... Plainly, therefore, it was their failure to observe what was happening that led to the collision...... Where a person drives an automobile in front of a rapidly approaching train which he could have seen if he had looked, he cannot recover."

The judgment for defendant is affirmed.