# Grimes, Appellant, *v.* Pennsylvania R. R. Co.

*Appeals—Judgment for defendant n. o. v.—Consideration of evidence by appellate court.*

1. On an appeal from a judgment for defendant n. o. v. the appellate court must regard the evidence for plaintiff as establishing the true version of what took place, and the plaintiff is also entitled to the benefit of all proper inferences to be drawn therefrom.

*Negligence—Evidence — Burden of proof — Contributory negligence.*

2. In a negligence case for death, the burden is on the plaintiff to establish negligence of defendant by proof of facts which did not in themselves show the deceased guilty of contributory negligence.

*Negligence—Railroads—Automobiles — Grade crossing — Speed —Signals—Movement of train—Contributory negligence—Negative testimony—Expert—Opinion of witness—Physical conditions —Contributory negligence—Presumption.*

3. In a negligence case against a railroad company for death at a grade crossing, the fact that a caboose was placed in front of an engine is not in itself enough to establish absence of proper caution.

4. Where the evidence to establish lack of proper care is negative *only*, it is overcome by positive evidence to the contrary, though the latter comes from the mouths of defendant's witnesses; in such case the question is not one for the jury to pass upon, where the physical facts corroborate the testimony of defendant's witnesses.

5. Where a grade crossing is in the open country, a train has the right of way over those driving on an intersecting public highway, and no inference of negligence is to be drawn from the rapid movement of the train.

6. A witness called by plaintiff to express an opinion as to the speed of a train is not qualified, where it appears that he was not

acquainted with the type of the engine in use, and lacked knowledge of the conditions under which the train was operated.

7. If the uncontradicted external facts show that deceased, killed at a grade crossing, did not stop, look and listen, the question is not one for the jury, and the indisputable physical conditions, indicated by actual measurements, maps or photographs, may be resorted to in determining the true situation.

8. If the only conclusion that can be reached from the evidence of the physical conditions at a crossing, is that the deceased must have seen the oncoming train, had he looked, no recovery can be had for his death.

Argued March 18, 1927.  Before Moschzisker, C. J., Frazer, Walling, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 40, March T., 1927, by plaintiff, from judgment of C. P. Lawrence Co., Sept. T., 1924, No. 41, for defendant n. o. v., in case of Lucy J. Grimes v. Pennsylvania Railroad Co. Affirmed.

Trespass for death of plaintiff's husband.  Before Hildebrand, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,000.  Judgment for defendant n. o. v.  Plaintiff appealed.

*Error assigned* was judgment for defendant n. o v., quoting record.

*James A. Chambers,* of *Chambers & Shumaker,* for appellant, cited on the question of defendant's negligence: Smith v. Transit & Light Co., 282 Pa. 511; Winterbottom v. R. R. Co., 217 Pa. 574; Buckman v. R. R., 232 Pa. 351; Neuman v. Reading Co., 283 Pa. 416; Bickel v. R. R., 217 Pa. 456; P. & R. R. R. v. Killips, 88 Pa. 405; Byron v. R. R., 215 Pa. 82; Johnson v. R. R., 232 Pa. 378; Fritz v. R. R., 236 Pa. 447; Crane v. R. R., 218 Pa. 560.

Cited on the question of contributory negligence: Penna. R. R. v. Weiss, 87 Pa. 447; McCafferty v. R. R., 193 Pa. 339, 344; Kane v. Phila., 196 Pa. 502; Doud v.

Hines, Dir. Gen., 269 Pa. 182, 185; Thomas v. R. R., 275 Pa. 579; Rice v. R. R., 271 Pa. 180; Jester v. R. R., 267 Pa. 10; Burkett v. R. R., 74 Pa. Superior Ct. 404; Kelly v. R. R., 274 Pa. 470.

*A. M. Graham*, of *Graham & Matthews*, for appellee, cited on the question of speed: Zotter v. R. R., 280 Pa. 14; Rapp v. R. R., 269 Pa. 266; Anspach v. R. R., 225 Pa. 528; Keiser v. R. R., 212 Pa. 409; Knox v. R. R., 202 Pa. 504; Lonzer v. R. R., 196 Pa. 611; Hess v. R. R., 181 Pa. 492; Paul v. R. R., 231 Pa. 340, 338.

On the question of contributory negligence: Zotter v. R. R., 280 Pa. 21; Bradley v. Ry., 288 Fed. 484; Lonzer v. R. R., 196 Pa. 611; Hess v. R. R., 181 Pa. 496, 492; Hepps v. R. R., 284 Pa. 479; Paul v. R. R., 231 Pa. 338; Miller v. R. R., 257 Pa. 517.

OPINION BY MR. JUSTICE SADLER, April 11, 1927:

The plaintiff, widow of one Grimes, brought this action to recover damages sustained by the death, on December 24, 1923, of her husband. After dark on the evening of that day, which was clear, without mist, rain or snow, the decedent approached the four-track railroad of the defendant in his automobile truck, ordinarily used in the delivery of milk. There was a slight downward grade to the crossing with which he was familiar. At ten feet from the first rail, he could observe for 583 feet in the direction from which the train approached; when 23 feet away, 474 feet, and farther back for a much longer distance, due to the rising ground. When the third track was reached, the car was struck by a work train of the defendant, coming from the south, having a caboose in front, followed by an engine with its tender attached. The deceased was carried about 300 feet, and the truck for 900 feet until the train came to a standstill. Oil from the motor car caused the rails to be slippery, and this delayed the stopping.

The negligence charged in the statement filed was the running at excessive speed, without giving signal by whistle or bell, and the placing of an unlighted car in front of the engine. A compulsory nonsuit was denied at the conclusion of the trial, as were binding instructions, and the questions of fact involved submitted to the jury, which rendered a verdict for the plaintiff. On motion, judgment n. o. v. was entered for the defendant on the ground that no negligence was proven, and, further, because of the contributory negligence of the decedent. From this ruling an appeal has been taken. Of course, in our consideration of the case, the competent testimony of plaintiff must be regarded as disclosing the true version of what took place. She is likewise entitled to the benefit of all proper inferences to be drawn therefrom. The burden was on the claimant to establish negligence of the defendant by proof of facts which did not in themselves show the husband guilty of contributory negligence.

The placing of the caboose in front of the engine is charged to have indicated lack of due care, but is not enough to establish absence of proper caution: Unger v. R. R., 217 Pa. 106; Paul v. R. R., 231 Pa. 338; Hess v. R. R., 181 Pa. 492. Appellant claims, however, that there were no lights on the front car, so as to give warning, and had this fact been established affirmatively, the question would have been for the jury: Forno v. R. R., 234 Pa. 538; Johnson v. P. & R. R. R. Co., 232 Pa. 378. Unfortunately for plaintiff no evidence was produced showing this condition existed, though certain witnesses, who arrived on the scene after the accident, said they saw none. On the other hand, there was positive evidence that the glare of the electric light of the engine was observable, since it projected its rays beyond the side of the front car (a factor to be considered: Hess v. R. R., supra), and three lighted lanterns were on the platform of the caboose. These were knocked off, two broken and one extinguished as a result of the impact

with the auto. The witnesses called for plaintiff did not make any observations until after the accident, and did not testify as to the condition when the crossing was reached. The negative evidence cannot control in the face of the positive assertions disclosed by the record.

A like objection holds as to evidence submitted to prove there was no signal of the approach of the train. No one called by plaintiff could definitely state that such had not been given, and they were not located at such positions as to permit the inference that, if any warning was sounded, they must have heard, a situation such as was found in Sharpless v. D., L. & W. R. R. Co., 286 Pa. 439. Defendant's witnesses testified positively to the blowing of the whistle and ringing of the bell at the proper and accustomed points, and what they said overcomes the expressions of those testifying for claimant. The legal rule stated has been frequently recognized and applied in this State, and it has been uniformly held that where the evidence to establish lack of proper care is negative only, it is overcome by the positive evidence to the contrary, though the latter comes from the mouths of defendant's witnesses, and, under such circumstances, the question is not one for the jury to pass upon, where the physical facts corroborate their testimony (Anspach v. R. R., 225 Pa. 528; Keiser v. R. R., 212 Pa. 409; Knox v. R. R., 202 Pa. 504; Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14), which simply means that under such circumstances, the negative testimony, being controverted, does not amount to more than a scintilla, and therefore cannot prevail to establish an essential fact.

Again, it was urged that the speed of the train was excessive. This was a crossing in the open country, and the cars passing along the tracks had the right of way over those driving on the intersecting public highway, and no inference of negligence is to be drawn from the rapid movement of the railroad train. This was held to be the proper rule where the speed shown was 30 (Rapp v. R. R., 269 Pa. 266) or even 60 miles an hour: Kelly

v. Director General, 274 Pa. 470.   The positive evidence
in this case fixed the rate at from 20 to 25 miles.   One
witness for plaintiff, Leslie, an engineer retired from
service many years before, and not acquainted with the
type of engine used, was called by the claimant to show
a greater speed based on the fact that the train moved
about 900 feet before stopping.   No proper groundwork
for an expert opinion was laid, which could be consid-
ered trustworthy, in view of his lack of knowledge of the
conditions under which the worktrain was operated, and
his estimate of speed is valueless.   He stated that his
judgment was predicated on the assumption that the
rails were dry and clean, but the only evidence in the
case shows some oil to have dripped from the auto to the
track.   Under such circumstances, the witness said he
could express no opinion.   We are convinced that no
negligence of the defendant was proven in any of the
matters suggested, and the judgment n. o. v. was there-
fore properly entered.

The learned court below also placed its ruling on
the ground of the contributory negligence of the de-
cedent.   In view of the finding that no lack of due care
was established, we will make but brief reference to the
second reason, though convinced that on this ground
also the plaintiff cannot recover.   Grimes was killed,
and there arose the presumption that he used due care
and caution to protect himself when he drove upon the
tracks, and that he stopped at a proper place before com-
mitting himself to the crossing, and not only looked but
listened.   Though this presumption is rebuttable, yet it
is still a question for the jury to determine this fact,
though the evidence to the contrary be uncontradicted,
where dependent solely on the oral testimony of wit-
nesses, for it is essential that their credibility be passed
upon: Schmidt v. P. & R. R. R., 244 Pa. 205.   And the
same rule is applicable where other presumptions arise,
as where a passenger is injured (Shaughnessy v. Direc-
tor General, 274 Pa. 413; Spear v. R. R., 119 Pa. 61;

McCafferty v. P. R. R., 193 Pa. 339; Doud v. Director General, 269 Pa. 182), or the apparent ownership of property is involved, in fixing liability for its misuse: Holzheimer v. Lit Bros., 262 Pa. 150; Gojkovic v. Wageley, 278 Pa. 488. If, however, there be, in addition to oral testimony, indisputable physical conditions, indicated by actual measurements, maps or photographs, the existence of a fact ordinarily presumed is negatived: Cubitt v. N. Y. C. R. R., 278 Pa. 366; Seiwell v. Director General, 273 Pa. 259.

"The doctrine that a person losing his life must be presumed to have exercised due care has no application where the evidence shows affirmatively the circumstances of the accident to the contrary": Zotter v. L. V. R. R. Co., 280 Pa. 14, 21. If the uncontradicted external facts show deceased could not have performed his legal duty to stop, look and listen, the question is not one for the jury (Hazlett v. Director General, 274 Pa. 433), and mathematical tests may be resorted to in determining the true situation: Radziemenski v. B. & O. R. R., 283 Pa. 182. It was the duty of Grimes to stop at a proper place before entering upon the tracks not only to look but listen: Paul v. P. & R. R. R. Co., supra. The evidence shows that at any point from the crossing a view to the south for many hundreds of feet could have been obtained, and at ten feet from the first track for 583 feet. The car was hit immediately upon entering the third track, and the only conclusion that can be reached, under the circumstances, is that deceased must have seen the oncoming train had he looked: Hazlett v. Director General, supra; Follmer v. P. R. R., 246 Pa. 367; Hepps v. R. R., 284 Pa. 479; Winner v. Director General, 287 Pa. 288.

After a careful review of all the evidence, we are convinced the conclusion reached by the court below was correct, and the assignments of error are overruled.

The judgment is affirmed.