## KLINGSEISEN v. COSTANZO TRANSP. CO.

### No. 6783.

Circuit Court of Appeals, Third Circuit.

Feb. 6, 1939.

John D. Ray, of Beaver Falls, Pa., for appellant.

George A. Blackford, of Wheeling, W. Va., and Zeno Fritz, of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

This is an appeal from an order of the District Court in an admiralty proceeding entering a judgment against the libellant, Margaret Klingseisen, the widow of Alois Klingseisen, who was drowned in a collision between his motor boat and the steamer "Costanzo" in the Ohio River between Rochester and Monaca, in Beaver County, Pennsylvania. The respondent-appellee, Costanzo Transportation Company, was operating the steamboat by its employees at the time of the collision.

The accident occurred at about two-thirty o'clock in the afternoon upon August 25, 1936. Some breeze was blowing. The weather, however, was good and there was no lack of visibility. The decedent had left the shore in the motor boat, which was of the outboard type, from a dock upon the Rochester side of the river and traveled from four to six hundred feet towards the center of the river where the motor stalled. After some difficulty the decedent succeeded in starting it again, proceeded up the river a short distance in the direction of Conway when the motor stopped a second time. In respect to the facts thus far presented the appellant and the appellee are in accord.

The appellant contends that after the motor of the decedent's boat had stopped the second time, the Costanzo left a coal tipple about thirteen hundred feet below the dock from whence the decedent had embarked and proceeded upstream at a speed between twelve and fifteen miles an hour to the point where the disabled motor boat was floating, that the Costanzo gave no signal or warning of its approach and did not slacken its speed until it was within such a short distance of the motor boat that it could neither stop nor turn away. After striking the motor boat, the Costanzo, according to the appellant, traveled upstream from one to four hundred feet. Klingseisen had disappeared beneath the water at the time of the collision but came to the surface behind the steamboat, sank again and was drowned.

The appellee for its part contends that the Costanzo proceeded from the coal tipple upstream at a rate of from ten to twelve miles an hour and in the regular channel, that Klingseisen was at the rear of the motor boat and facing the approach-

ing steamer but that he did not look up or observe the steamboat until it was too close to him to enable him to take his boat out of the way. The appellee also contends that the Costanzo maintained her speed and direction until she was from two to three hundred feet of the decedent when she reversed her engines but could not avoid the collision. Certain of the appellee's witnesses testified that the Costanzo gave warning to the decedent by whistle.

The learned trial judge found that the appellee was not guilty of negligence. In respect to the operation of the steamer, he stated, "In putting ourselves in his place, we must consider that he (the pilot) had every reason to believe that the operator of the motor boat had ample notice of his approach * * *, and was able, by the use of oars, to get out of the path of the 'Costanzo' in a very few seconds." It is difficult for us to believe, however, that the pilot of a steamboat no larger than the Costanzo who runs upon a motor boat in broad daylight in midchannel is not guilty of negligence.

We need not decide this point, however, for negligence of the decedent is clear beyond any doubt. It is manifest because Klingseisen failed to keep any lookout for approaching craft and endeavored to start the stalled motor on his boat in the face of the onrushing steamship when with a few strokes of the oar with which he was equipped he could have put himself beyond any danger. In the case at bar, we may not apply the familiar rule of admiralty where contributory negligence serves to divide the damages. It is settled that no suit may be brought to recover damages for death in an admiralty court of the United States under general maritime law. Such a right exists solely by statute. The appellant has based her suit upon a statute of Pennsylvania. Act of April 26, 1855, P.L. 309, as amended by the Acts of June 7, 1911, P.L. 678 and of May 13, 1927, P.L. 992, 12 P.S.Pa. §§ 1602–1604. Because of the statute referred to admiralty will entertain jurisdiction, Feige v. Hurley, 6 Cir., 89 F.2d 575, 578; Western Fuel Company v. Garcia, 257 U.S. 233, 240, 242, 42 S.Ct. 89, 66 L.Ed. 210; Spencer Kellogg & Sons, Inc. v. Hicks, 285 U.S. 502, 513, 52 S.Ct. 450, 76 L.Ed. 903; but the appellant's right to maintain her suit may be enforced in admiralty only in accordance with the law of Pennsylvania. Feige v. Hurley, supra; Robinson

v. Detroit C. Steam Nav. Co., 6 Cir., 73 F. 883; Note 50 A.L.R. 455. That law bars recovery upon the ground of the contributory negligence of the deceased. Kaczorowski v. Kalosinski, 321 Pa. 438, 440, 184 A. 663, 104 A.L.R. 1267; Grant v. Philadelphia, B. & W. R. Co., 215 Pa. 265, 64 A. 463; Mooney v. Carter, 5 Cir., 152 F. 147 (Ala. Statute); Truelson v. Whitney & Bodden Shipping Co., 5 Cir., 10 F.2d 412 (Texas Statute).

Accordingly the judgment of the court below is affirmed.