# Flick *v.* Northampton & Bath Railroad, Appellant.

*Negligence—Railroads—Automobiles—Crossing—Stop, look and listen—Conflict in plaintiff's testimony—Contributory negligence— Case for court.*

Where the plaintiff in a grade crossing case testifies that he stopped his automobile before going on the tracks, but in his cross-examination, states that his car was moving a little bit all the time, going about as fast as a team or a man would walk, his testimony convicts him of contributory negligence as a matter of law, and it is error to submit his case to the jury.

Argued April 24, 1922. Appeal, No. 360, Jan. T., 1922, by defendant, from judgment of C. P. Northampton Co., June T., 1919, No. 11, on verdict for plaintiff, in case of Wilson E. Flick v. Northampton & Bath Railroad Co. Before Moschzisker, C. J., Walling, Kephart, Sadler and Schaffer, JJ. Reversed.

Trespass for personal injuries. Before McKeen, J.
The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $7,836. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*W. H. Kirkpatrick,* of *Kirpatrick & Maxwell,* for appellant.—Plaintiff is within the rule of Carroll v. R. R., 12 W. N. C. 348; Myers v. B. & O. R. R., 150 Pa. 386; Hess v. R. R., 181 Pa. 492; Bernstein v. R.R., 252 Pa. 581; Connerton v. Canal Co. 169 Pa. 339; Weikel v. R. R., 237 Pa. 524; Smith v. McAdoo, 266 Pa. 328; Lessig v. Transit Co., 270 Pa. 299.

While plaintiff's attention was not specifically directed to his prior inconsistent statement it was directed to the fact about which the statement was made and he was, on cross-examinaion, fairly and thoroughly taken over every inch of the ground and it is perfectly clear from his testimony that he meant to explain his earlier statement that he stopped by saying that he did not absolutely stop, but that the car was just so that it was going: Lynch v. Erie, 151 Pa. 380; Butler v. R. R., 126 Pa. 160; Parker v. Matheson M. C. Co., 241 Pa. 461.

*C. F. Smith,* of *Smith, Paff & Laub,* for appellee.— When plaintiff's testimony is contradictory, so that on part of it he is entitled to go to the jury, and on the other he is not, the case must go to the jury, whose province it is to reconcile conflicting statements whether of the same or different witnesses, or to draw the line between them and say which shall prevail: Zenzil v. R. R., 257 Pa. 473; Ely v. R. R., 158 Pa. 233; Strader v. Monroe, 202 Pa. 626; Sloan v. Ry., 225 Pa. 52; Milligan v. Ry., 261 Pa. 344; Danko v. Rys., 230 Pa. 295; Black v. Transit Co., 239 Pa. 463; Keile v. Kahn, 30 Pa. Superior Ct. 416; Coleman v. Twp., 42 Pa. Superior Ct. 146; Smith v. Twp., 26 Pa. Superior Ct. 234; Parker v. Matheson M. C. Co., 241 Pa. 461; Collins v. Ry., 63 Pa. Superior Ct. 371; Webster v. Express Co., 69 Pa. Superior Ct. 547;

Miller v. R. R., 58 Pa. Superior Ct. 558; Creachen v. Carpet Co., 209 Pa. 6; Clark v. Lancaster, 229 Pa. 161.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 15, 1922:

Defendant's single track line of railroad, at the point here involved, crosses a public highway at grade; the railroad runs through open fields on both sides of the crossing, and, in the direction from which the train that did the damage in this case approached, the ground is level for a considerable distance, without trees, buildings or other obstructions. A person standing in the highway, 300 feet from the railroad, has an unobstructed view of at least half a mile up the track in the direction in question, and, when 10 or 15 feet from the track, he can see along it a much greater distance. There is a signal post erected at the crossing, with an automatic bell installed in it, and the usual "stop, look and listen" warning displayed. On the evening of December 5, 1918, a few minutes before seven o'clock, plaintiff, Wilson E. Flick, drove an automobile truck along this public highway. It was "dark," but no evidence was introduced to show the weather was other than clear. Flick was familiar with the crossing; when approaching it he slowed his truck, cut off the gas, and put the gear shift into neutral. At this time, defendant's train was also approaching. It consisted of: first, a locomotive, which was reversed, the tender being in front; then eight coal cars, five box cars, and, at the end, a passenger car. There was a light on the tender, at the head of the train, which is described by some of plaintiff's witnesses as having a lens about 10 inches in diameter, by others as "about 4½ or 5 inches," "like the head light of an automobile, perhaps a little larger", but "smoked up" and "very dim", "an awful poor light for throwing light any distance." At the usual place, under the smoke-stack of the engine, there was another "regulation" headlight, which threw its rays upon the first box-car, to this degree

illuminating the train as it went along. The automobile was struck and demolished upon its entry on the track, and the driver was bodily injured. Flick admitted he last looked when 15 feet from the track; at this point, he put his car into low gear, and had "no recollection of anything that happened after that." Plaintiff sued in trespass, alleging negligence on part of defendant, in failure to give warning, etc.; judgment was entered on a verdict in favor of the former, and the latter has appealed, contending that Flick's own testimony shows him guilty of contributory negligence.

It is difficult to conceive how, if plaintiff looked and listened, he missed seeing or hearing the approaching train, even though the automatic bell failed to ring and no other special or usual warning was given, as is claimed by him to be the fact; be this as it may, his evidence plainly proves an omission to stop, and, therefore, he is not entitled to recover against defendant, no matter what its degree of negligence. In this connection, defendant's proofs tend to show it free of negligence; but, we rule the present appeal on plaintiff's proofs alone, as, of course, we must, so far as the other testimony in the case fails to support them.

After Flick had testified that, on approaching the tracks, he "slowed up" and "looked both ways", in answer to the following, leading, question by the court, "Did the truck stop before you reached the crossing", he said, "Yes, sir"; and, had plaintiff gone no further into the subject, the case would have been for the jury on that point, but, unfortunately for him, his testimony on cross-examination explains the alleged stop in such a way as to amount to a demonstration on his part that, as a matter of fact, he did not stop at all, before attempting to cross defendant's tracks. Hence, plaintiff proved himself guilty of contributory negligence, thus defeating his right of recovery.

Here is the cross-examination to which we refer: "Q. You say you turned off your gas as you approached the

track? A. I turned off the gas...... Q. How far away from the track did you turn off the gas? A. About 10 or 15 yards from the track away. Q. Of course it didn't stop immediately did it? A. Just so that you might say it was going. Q. You didn't actually then come to a complete stop? A. Not altogether stop, but just so it was running. Q. And the car was moving then a little bit all of the time? A. A little bit. Q. You were in low gear when you were struck? A. Yes, sir...... Q. Were you going as fast as a man will walk? A. About like a team would walk or a man would walk, something like that. Q. And that was about as slow as you had gone any time, was it? A. Yes, sir."

In the above quoted matter, Flick explains his testimony in chief in such a way that no reasonable mind, desiring soley to reach a just conclusion, could draw the inference that plaintiff meant to leave the court and jury with the idea he really brought his car to a full stop; it contains an honest admission to the contrary.

In Parker v. Matheson M. C. Co., 241 Pa. 461, we reviewed most of the cases, to that date, upon the subject of conflicts in the testimony of a plaintiff and the effect thereof on his right to go to the jury; but the cases there referred to, and those decided since, present facts not analogous to those on the present record. Here plaintiff's own testimony shows not only an omission to stop on his approach to the railroad, but also a failure to continue due diligence, by keeping a look-out up to his entry on the tracks and during his crossing; for, as previously stated, he plainly said his last look was fifteen feet from the railroad and he did not know what happened after that.

We do not intend by our judgment in this case to depart from anything heretofore decided by us, but simply to rule the facts at bar; on plaintiff's own admissions, which demonstrate his failure to observe the "stop, look and listen" rule, the assignment of error is sustained.

The judgment is reversed and here entered for defendant.