# Moyer, Appellant, v. Pittsburgh, Mars & Butler Railway.

*Negligence—Street railways—Evidence—Res gestœ—Declarations of motorman—Signals—Inference of fact.*

1. A declaration of a motorman made immediately after his car had run down and killed a person at a crossing, that he had given no signal, is part of the res gestæ, and admissible in evidence.

2. If a witness testifies that the motorman made such statement, and the motorman denies that he made it, and testifies that he blew his whistle, the case is for the jury, and judgment should be entered on a verdict for plaintiff.

*Practice, C. P.—Motion for judgment n. o. v.—Evidence—Inference.*

3. On motion for judgment for defendant n. o. v., the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact or inference of fact, pertinent to the issues which may reasonably be deduced from the evidence.


Argued October 2, 1922. Appeal, No. 207, Oct. T., 1922, by plaintiff, from judgment of C. P. Butler Co., Sept. T., 1922, No. 179, for defendant n. o. v., in case of A. R. Moyer v. Pittsburgh, Mars & Butler Railway. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's wife. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,550. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*John H. Wilson,* with him *Levi M. Wise,* for appellant.

*J. Campbell Brandon,* with him *W. D. Brandon,* for appellee.

. . .

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

The railway of defendant runs through the farm occupied by plaintiff and his wife at the time of her death. She owned the land and had sold a strip through it to defendant for the construction of its electric railway, reserving two crossings, one of them a foot crossing leading from the house on one side of the right-of-way to the barn on the other. At the place where the accident happened, the railway, which consisted of a single track, was on a curve and in a cut. The sides of the cut had been excavated to make the foot crossing.

Plaintiff's wife, to recover damages for whose death this suit was brought, was in the act of passing over the crossing, when she was struck by a flat freight car, which was being pushed by a freight car of the ordinary kind, and instantly killed. The view of the approaching cars from the crossing was obscured by weeds and brush growing along the bank, in places as much as seven feet high, and by a pile of coiled wire which had been allowed to remain on the side of the bank.

The motorman testified he blew his whistle for the crossing and that he did not see the deceased until she was almost at the track within fifty feet of the front end of the flat car and that he then only saw her hat above the weeds. He instantly applied his air brake, but was too close to avoid striking and killing her. The evidence shows it was raining and blowing at the time. A civil engineer called in defendant's behalf said that from the foot-crossing at the end of the ties there is an unobstructed view of an approaching car for two hundred feet. He, however, admitted he did not make his survey at the time of year of the accident, and could not speak as to the condition of the weeds and brush.

The negligence alleged was the speed of the car and that no signal was given of its approach to the crossing in question. No negligent speed was shown and the only question for determination is whether the court below properly entered judgment for defendant, notwithstand-

ing the verdict in plaintiff's favor, and correctly decided as a matter of law that a signal for the crossing was given. The controversy as to this controlling factor in the case grows out of the testimony of the motorman and a daughter of plaintiff called as a witness in his behalf, the former asserting that he had blown the whistle for the crossing, the latter that he told her he had not. At the time of the accident, she was in the barn situated sixty-five feet from the railway, and testified the motorman immediately after it happened called to her from the track as she was standing in the barn door that he had killed her mother, that she then started toward him and he said to her, "I seen her but I thought it was you and you was always so careful I didn't whistle." The motorman admitted he had spoken to the daughter immediately after the accident, but denied he had told her he did not whistle.

In our opinion, what was said by the motorman was part of the res gestæ of the accident. It was decided in Hanover R. R. Co. v. Coyle, 55 Pa. 396, that declarations of a locomotive engineer, by whose negligence the plaintiff was injured, made immediately after the accident, were admissible; and in Coll v. Easton Transit Co., 180 Pa. 618, that declarations of the motorman, who was operating the car that caused the accident, made within two minutes of its occurrence, to the effect that he could have stopped it, should be received. While, in the case at bar, the declaration of the motorman was admitted, the trial court determined that the statement related to the time when the motorman was fifty feet from the crossing, saw the deceased's hat and put on his brake, in the sudden emergency not having time to both apply the brake and whistle, and his testimony that he had previously whistled when a greater distance from the crossing was not challenged except by negative testimony. We think this was not the only inference to be drawn from the motorman's statement and that it is open to the construction that he declared he did not

whistle for the crossing at all. "Upon an inquiry such as we have before us the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact, and inference of fact, pertinent to the issues involved which may reasonably be deduced from the evidence": Bowser v. Citizens Light, H. & P. Co., 267 Pa. 483, 486. The dispute as to whether a signal for the crossing was given was for the jury and the court erred in determining the controversy as a matter of law.

The judgment is reversed, with directions to the court below to enter it for plaintiff on the verdict.