## Schofield, Appellant, v. Director General of Railroads.

*Negligence—Railroads—Stop, look and listen—Gates—Master— Servant without compensation—Contributory negligence.*

1. Where the driver of a motor truck, on approaching a railroad grade crossing, slackens his speed, while shifting the gear, but does not bring his car to a stop, his action is not intended as a compliance with the stop, look and listen rule, and cannot be given that effect.

2. Failure to stop, look and listen is not excused by the fact that the crossing gates are open.

3. To constitute the relation of master and servant, in so far as liability of the former for the acts of the latter is concerned, there need be no actual contract of employment, nor payment for the service.

4. Where a person desiring to remove coal from one side of a railroad to the other, borrows a truck, and engages a friend without compensation to drive the truck for him, the relation established between the two is that of master and servant, and the contributory negligence of the driver in crossing the tracks will be imputed to the employer if the latter is injured on the truck in such crossing.

5. Such case bears no analogy to that of an invited guest or a passenger for hire.

Argued February 5, 1923.   Appeal, No. 6, Jan. T., 1923, by plaintiff, from order of C. P. Delaware Co., June T., 1919, No. 932, refusing to take off nonsuit in case of Hannah Schofield v. Director Gen. of Railroads.  Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband.   Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off.   Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*Isaac A. Pennypacker,* with him *Albert Dutton Mac-Dade,* for appellant.—Negligence of the driver in failing to stop is not imputed to defendant: Dean v. R. R., 129 Pa. 514; Azinger v. R. R., 262 Pa. 242; Hardie v. Barrett, 257 Pa. 42; Lancaster v. Reese, 260 Pa. 390; Minnich v. Transit Co., 267 Pa. 200; Proctor v. Transit Co., 235 Pa. 373.

*Howard E. Hannum,* for appellee.—Under the circumstances as proven in this case by plaintiff's witnesses, the driver of the truck was the servant, and the decedent was his master on the trip on which Schofield was killed: McCollagan v. R. R., 214 Pa. 229; Kelley v. R. R., 270 Pa. 426; Carson v. R. R., 147 Pa. 219; Proctor v. Transit Co., 235 Pa. 373; McLaughlin v. Ry., 252 Pa. 32; Vocca v. R. R., 259 Pa. 42; Kirschbaum v. Transit Co., 73 Pa. Superior Ct. 536; Renner v. Tone, 273 Pa. 10.

OPINION BY MR. JUSTICE WALLING, February 26, 1923:

Market Street extends through the Borough of Marcus Hook, Delaware County, in a northerly and southerly direction, and is crossed at grade by defendant's system of five tracks; the one most northerly being a siding and the next a westbound passenger track.   The view to the

east, of a traveler approaching the crossing from the north in a motor car, is cut off by buildings, a hedge and, at the time in question, by a box car standing on the siding, so that a westbound engine on the passenger track could not be seen by the traveler so approaching until he was practically in front of it. The deceased, Richard G. Schofield, had some coal in a yard on the south side of the railroad which he desired transferred to his residence on the north side, and at his request a friend named Vernon, who could drive a motor truck, borrowed one and, with the help of the deceased and his son, began transferring the coal on September 13, 1918. On the next morning Vernon drove to Schofield's residence, where the latter boarded the truck, and, while crossing the tracks for another load of coal, was killed by a westbound express train on the passenger track above mentioned. This suit, brought to recover for the death of Schofield, ended in a compulsory nonsuit, which the trial court refused to take off; hence, this appeal by plaintiff.

Vernon, the driver, was guilty of contributory negligence, for admittedly he drove the truck upon the railroad tracks, without stopping to look or listen; he and his wife, who was with him, so testify. That the motion of the truck was slackened, but not brought to a stop, while shifting the gear, was not intended as a compliance with the stop, look and listen rule, and cannot be given that effect: see Flick v. Northampton & Bath R. R., 274 Pa. 347.

Furthermore, the failure to stop, look and listen was not excused by the fact that the crossing gates were up: Greenwood v. Railroad Co., 124 Pa. 572; Kipp v. Central R. R. Co. of New Jersey, 265 Pa. 20, 24; Serfas v. Lehigh & New Eng. R. R. Co., 270 Pa. 306, 309.

Vernon was in Schofield's employ in transferring the coal, therefore the former's negligence is chargeable to the latter and defeats plaintiff's action: Carson v. Federal St., etc., Ry. Co., 147 Pa. 219; Schultz v. Old Colony

Street R. Co., 8 L. R. A. (N. S.) 597 and note, 635; Smith v. N. Y. Central & H. R. R. R. Co., 4 N. Y. App. 493, 494. This is on the same principle that a railroad company is liable for the negligence of its servants. The sole business in hand was the transfer of Schofield's coal and it matters not who owned the truck, or whether Vernon was to be paid for his services. "To constitute the relationship of master and servant, in so far as the liability of the former for the acts of the latter is concerned, there need be no actual contract of employment, nor payment for the services": 26 Cyc. 1519; see also 18 R. C. L. 495; 1 Labatt Master & Servant, 2d ed., p. 60.

This case bears no analogy to that of an invited guest or of a passenger for hire, for the deceased was neither; so, whether his familiarity with the crossing and all the circumstances would, as matter of law, charge him with personal negligence in failing to caution the driver, we need not determine; for in any event the case must fail because of the employee's negligence, as above stated. As the truck was being driven solely for Schofield's benefit, the defense is stronger than had both he and the driver been interested in the work.

The order is affirmed.