# Murphy v. American Stores Company, Appellant.

*Negligence—Collapse of building—Damages—Case for jury.*

In an action of trespass to recover damages for personal injuries, sustained in the collapse of a building, the case is for the jury and a verdict for the plaintiff will be sustained, where evidence was produced that defendant's employees had removed the supports of a wall until it was in a dangerous condition, and had then left the work without taking proper precautions to guard against the collapse, which subsequently occurred.

Argued December 11, 1923. Appeal, No. 323, Oct. T., 1923, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1921, No. 4935, on verdict for plaintiff in the case of John Murphy v. American Stores Company.

68, (1924).] Statement of Facts—Opinion of the Court.

Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $500, and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Richard A. Smith,* and with him *Louis Wagner* and *Wilbur F. Whittle,* for appellant.

*Frederick H. Warner,* and with him *Clarence P. Sterner,* for appellee.

OPINION BY PORTER, J., February 29, 1924:

This is an action of trespass for personal injuries, alleged to have resulted from the negligence of the employees of the defendant in making alterations in a storeroom occupied by defendant, as a tenant. The building was situated at the corner of Vine and Randolph streets in the City of Philadelphia. There was evidence indicating that the employees of the defendant had, on October 6, 1920, removed a partition which extended across the store and torn from the west wall of the building part of the bins and shelving and finding that the wall was left in bad condition suspended the work at that particular place and went to work at another part of the store. During the following night part of the west wall of the building collapsed and the plaintiff, who was the tenant of a room over the storeroom, was thrown into the street and injured. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The only assignment of error is to the refusal of the court below to enter judgment in favor of the defendant non obstante veredicto.

If there was evidence to sustain the finding of the jury the judgment must be affirmed. The plaintiff called as witnesses two of the employees of the defendant who had removed part of the shelving and bins that had been fastened to the wall which within a few hours thereafter collapsed, and the manner in which they testified clearly indicated that they were unwilling witnesses. But their testimony was such as to warrant a jury in finding that when they had removed part of the bins and shelving they became convinced that the removal of the fixtures, prying them loose from the wall with hammers, left the wall in a dangerous condition, and that they ceased work at that particular place for the reason that to remove the remainder of the shelving and bins might expose them to personal injury. One of those witnesses admitted that he had testified at a former trial that when he discovered the condition of the wall he "would not continue to work on that wall for any man." Their testimony clearly indicated that they left the part of the wall from which they had removed the fixtures in an unsafe condition, without taking any steps whatever to prevent its falling. These carpenters were the regular employees of the defendant company, doing work of this kind in its different stores. William T. Martin, an inspector in the Bureau of Building Inspection of the city, whose training and experience qualified him as an expert, testified that he examined the building and the part of the wall which remained standing the day after the accident. He testified that the bottom of the wall where the bins were set in, had been "furred out with 2 x 3s at different places to nail the bins to, and when that was removed, we thought it took away the lateral support and loosened up the bricks and caused the collapse." He testified that the pieces of timber 2 x 3, the height of the bins, were nailed to the wall and the bins were nailed to them; that when

the shelving and bins were removed from the wall and the mechanics noticed the unsafe condition in which the wall was left they should have shored that floor up at once to prevent an accident. The plaintiff was entitled to the benefit of such inferences as the jury might properly draw from the testimony of the witnesses, and the court did not err in refusing to enter judgment in favor of the defendant.

The judgment is affirmed.