# Smart v. Bell Telephone Company of Pennsylvania, Appellant (No. 1).

*Negligence—Sagging telephone wires—Evidence—Case for jury.*

In an action for damages for personal injuries, it appeared that a sagging telephone wire belonging to the defendant company caught in the harness on the horse's head and on the top of a buggy in which the plaintiff was riding. The horse became frightened and jumped, the buggy was upset and the plaintiff severely injured. Evidence was also produced that for some months prior to the accident one of the wires belonging to the defendant company had been hanging down, and gradually sagging lower, so that several days before the plaintiff received the injuries it was within eight feet of the traveled roadway. Immediately after the accident a broken telephone wire was found hanging from defendant's pole at the east end, partly coiled around it, and partly lying along the side of the roadway.

Under such circumstances, the case was for the jury, and a verdict for the plaintiff will be sustained. While the defective wire could not be positively identified as the wire which caught the horse and buggy, nevertheless, the jury were justified in concluding that the wire, which struck the horse and buggy, was the wire which had gradually been sagging for several months. This is not basing a presumption upon a presumption, but only drawing an inference reasonably to be deduced from the facts and evidence in the light of ordinary experience.

*Practice, C. P.—Motion for judgment n. o v.—Inference.*

Where no testimony was offered on behalf of the defendant the case must be disposed of on the evidence produced by the plaintiff, and he must be given the benefit of every fact and inference of fact pertinent to the issue involved, which may reasonably be deduced from the evidence.


Argued April 25, 1924. Appeal, No. 57, April T., 1924, by defendant, from judgment of C. P. Westmoreland Co., May T., 1920, No. 458, on verdict for plaintiff in the case of Dessie Marie Smart v. The Bell Telephone Company of Pennsylvania. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

420 SMART v. BELL TEL. CO. OF PA., Appel. (No. 1).

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct.

Trespass to recover damages for personal injuries. Before BEACOM, P. J. of O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500, and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*E. P. Doran,* of *Williams, Wegley & Doran,* and with him *William H. Lamb,* for appellant.

*James Gregg,* and with him *Curtis H. Gregg,* for appellee.

OPINION BY KELLER, J., July 2, 1924:

While plaintiff was driving across a bridge over Loyalhanna Creek, Westmoreland County, a sagging telephone wire belonging to defendant caught in the harness on the horse's head and also on the top of the buggy in which she was riding. The horse became frightened and jumped, the buggy was upset and the plaintiff severely injured. An action in trespass was brought which resulted in a verdict in her favor upon which judgment was duly entered, and this appeal followed.

The assignments of error are directed to the refusal of the court to give binding instructions for the defendant and enter judgment in its favor non obstante veredicto.

No testimony was offered on behalf of the defendant. The case must, therefore, be disposed of on the evidence produced by the plaintiff, and she must be given the benefit of every fact and inference of fact pertinent to the issue involved which may reasonably be deduced from the evidence: Smith v. Standard Steel Car Co., 262 Pa. 550; Moyer v. Ry. Co., 275 Pa. 363.

The following facts appeared in evidence: Defendant maintained a telephone line which crossed said bridge

SMART v. BELL TEL. CO. OF PA., Appel. (No. 1). 421

419, (1924).] Opinion of the Court.

diagonally, with a pole on the approach at either end but on opposite sides of the roadway. It consisted of six wires suspended from cross arms fastened on said poles. For some months prior to the accident one of these wires had been hanging down and gradually sagging lower so that several days before the plaintiff received her injury it was within eight feet of the floor of the bridge and so low that a hay wagon traveling over the bridge could not pass under it until it had been lifted over the wagon. Immediately after the accident a broken telephone wire was found hanging from defendant's pole at the east end, partly coiled around it, and partly lying along the side of the roadway. There is no testimony that any other defect was then apparent in the telephone line. No other wires but defendant's crossed the bridge, and by not filing an affidavit of defense, (Act of May 14, 1915, P. L. 483, sec. 13), the defendant admitted the ownership of the wire which caused the accident. The case depends on whether it had constructive notice of the defective condition of this wire for a sufficient length of time to have fixed it.

We agree with the learned court below that in the circumstances the jury had a right to conclude that the wire which had been gradually sagging lower and lower for several months, was the wire which caused the accident. Of course, this wire was not tagged, or banded, or identified by some peculiar mark or device by which it could be positively asserted that it was the same wire which caught the horse and buggy, but Mrs. Beottner, who was riding with the plaintiff, saw the low hanging wire just as it became caught in the arm of the buggy top and the plaintiff noticed it hanging low just as it caught in the button on the horse's harness. None of defendant's wires had any special or distinguishing marks by which it could be positively identified, but— in the absence of evidence showing that after the accident the wire which had been gradually sagging was still intact and in the same condition as previously, that

is, hanging lower than the other wires but still high enough to clear plaintiff's conveyance,—the jury would be justified in concluding that the wire which struck the horse and buggy was the wire which had been gradually getting lower and lower for a period of several months, —long enough for the company to notice and repair the defect—, and not another wire which suddenly and without any notice or warning had sagged so as to hit them. This is not basing a presumption upon a presumption as claimed by defendant, but is only drawing an inference reasonably to be deduced from the facts in evidence in the light of ordinary experience: Bowser v. Citizens L. H. & P. Co., 267 Pa. 483; Murphy v. American Stores Co., 83 Pa. Superior Ct. 68, 71.

The assignments of error are overruled and the judgment is affirmed.