## Curry, Appellant, v. Riggles.

Argued November 25, 1930. Before Frazer, C. J., Walling, Simpson, Kephart, Sadler, Schaffer and Maxey, JJ.

*R. A. Henderson,* for appellant.—The declarations were admissible as part of the res gestæ: Hanover R. R. v. Coyle, 55 Pa. 396; Eby v. Ins. Co., 258 Pa. 525; Elkins v. McKean, 79 Pa. 494; Smith v. Stoner, 243 Pa. 57; Tomczak v. Coal Co., 250 Pa. 325; Travelers Ins. Co. v. Mosley, 75 U. S. 397; Moyer v. Ry., 275 Pa. 363; Thomas v. R. R., 275 Pa. 579; Com. v. Gardner, 282 Pa. 458; Wolf v. Studebaker, 65 Pa. 459.

A driver of an automobile is bound to exercise ordinary care to prevent harm to a guest whom he has invited on a pleasure trip in his car: Ferrell v. Solski, 278 Pa. 565; Cody v. Venzie, 263 Pa. 541; Simpson v. Jones, 73 Pitts. L. J. 237; Santo v. Spatacini, 5 Wash. Co. (Pa.) 61.

The doctrine of joint enterprise has no place in an action brought by a guest against the driver and owner of an automobile, but it applies only where the recovery is sought against a third person: Johnson v. Hetrick, 300 Pa. 225; Collins v. Anderson, 37 Wyo. 275.

*Thomas C. Hare,* with him *Robert F. Hare,* for appellee.—The declarations were properly excluded: Jacoby v. Ins. Co., 10 Pa. Superior Ct. 171,

Plaintiff was an invited guest in defendant's coupe and it was the latter's duty to use ordinary care for his safety: Knox v. Simmerman, 301 Pa. 1; Hughes v. Transportation Co., 300 Pa. 55.

OPINION BY MR. JUSTICE WALLING, January 5, 1931:
In this appeal by plaintiff from judgment entered on a verdict for defendant, in an action for personal injuries, we find no such material error as calls for a reversal. At the time in question, plaintiff was a young man residing with his mother in Altoona, and the defandant, also a young man, boarded with her. The former owned a Buick and the latter a Reo car. They were close friends and often went riding together. On or about Friday, October 28, 1927, plaintiff loaned his

car to a friend, who left it in Pittsburgh, and on the following Monday morning, October 31, the defendant started to drive plaintiff to Pittsburgh to get the car. They left Altoona about nine o'clock and, at Duncansville, took on three state patrolmen, who were going to Johnstown. Two of the latter sat in the rumble seat and the other sat on the front seat between the plaintiff and defendant. A light rain was falling and the macadam roadway was slippery and uneven in places. When about one mile west of Duncansville the car skidded, turned end for end and upset by the roadside, causing plaintiff very serious and permanent injuries. He brought suit on the averment that the accident was caused by defendant's negligence, mainly in that he was driving at dangerous speed. Plaintiff supported this by his testimony that the speed was forty-five miles an hour. In answer, defendant testified he was driving thirty-five miles an hour, as indicated by his speedometer. One of the patrolmen was unable to estimate the speed and another said from thirty-five to thirty-eight miles an hour. Owing to the condition of the highway, the lowest speed mentioned, while not exceeding the maximum then allowed by statute, might support a finding that it was excessive; that question, however, was for the jury. Defendant said the highway was straight and plaintiff, that it was on a bend, at the point of accident. This had an important bearing on the question of proper speed (see Knox v. Simmerman, 301 Pa. 1), and should have been made clear by a map or photograph.

The trip was undertaken for plaintiff's accommodation and he was a gratuitous passenger, toward whom defendant was required to exercise ordinary care (Cody et al. v. Venzie, 263 Pa. 541; Ferrel v. Solski, 278 Pa. 565), but not the high degree required in case of the carriage of a passenger for hire; the trial judge rightly so instructed the jury.

A main question in the case was that of contributory negligence. The trip was, as above stated, for plaintiff's benefit. He was familiar with the driver and his car in which he had often been a passenger; also knew the road and its condition and could judge as well as the driver as to safe speed. Plaintiff said that after leaving Duncansville he requested that the speed be slackened and it was, temporarily, and then accelerated. This was uncorroborated, while the defendant and the patrolman, who sat with him, testified they heard no such request. This made a question of fact and was for the jury. Where a car is being improperly driven, a gratuitous passenger who sits beside the driver with full knowledge of the facts and makes no protest, in effect voluntarily joins in testing the danger and is chargeable with contributory negligence (Joseph v. Pitts. & W. V. Ry., 294 Pa. 315; Martin v. Penna. R. R. Co., 265 Pa. 282), and this is especially true where the car, as in the instant case, was being driven on an errand for the passenger. Alperdt et ux. v. Paige, 292 Pa. 1, holds that a wife who, with knowledge of the facts, sits by her husband's side and sees him drive so as to violate the law, without protest, is guilty of contributory negligence; see also Rhoades v. Penna. R. R., 298 Pa. 101.

In an action by a passenger against a third party, the negligence of the driver may be imputed to the passenger where they are engaged in a joint enterprise or common purpose. This rule is inapplicable to an action by the passenger against the driver and where the latter negligently injures the former; that they were engaged in a joint enterprise is no defense: Johnson v. Hetrick, 300 Pa. 225. See also O'Brien v. Woldson, 270 Pac. (Wash.) 304. A like principle is stated in Zimmer v. Casey, 296 Pa. 529, where one servant is held liable for negligent injury to another servant of the same master. It is proper to state that the case of Johnson v. Hetrick, supra, was decided after the

trial of the instant case, which may account for the introduction of the joint enterprise question therein. The charge of the trial judge, however, does not conflict with the rule stated in the case just cited, for the effect of the charge is that if the jury find a common purpose and the defendant negligent in his management of the car, and that the plaintiff did nothing to relieve himself from the danger thereof, he would be guilty of contributory negligence. As to this, the trial judge said, inter alia: "If you find that they were engaged in a common purpose, and you further find that the defendant was guilty of negligence in the operating of the car, operating it contrary to the manner in which a reasonable and prudent man would operate it, and this plaintiff did nothing to remonstrate or attempt to revoke the common purpose or to relieve himself, then under those conditions he would be guilty of contributory negligence, as we have stated before." But if, under the circumstances of the instant case, the plaintiff failed to remonstrate as to the negligent manner in which the car was being operated, he was guilty of contributory negligence, regardless of the question of common purpose. Hence, what was said on that subject did not give the jury an erroneous view of the legal rights of the parties and while irrelevant was not reversible error. Plaintiff's counsel neither requested that it be eliminated from the case, nor, when given an opportunity, asked for further instructions concerning it. The question of the jury on returning for further instruction related to the subject of contributory negligence and we have no doubt the verdict was based upon that ground.

The trial judge erred in excluding proof of the alleged declarations of the defendant made immediately after the accident indicating improper management of the car. This was competent on two grounds, (a) as part of the res gestæ: Insurance Company v. Mosley, 8 Wallace 397; Com. v. Gardner, 282 Pa. 458; Smith

v. Stoner, 243 Pa. 57; Thomas v. Penna. Railroad Co., 275 Pa. 576; Moyer v. Pittsburgh M. & B. Ry., 275 Pa. 363; Tomczak v. Susquehanna Coal Company, 250 Pa. 325; Hanover Railroad Co. v. Coyle, 55 Pa. 396; 20 R. C. L. 267, and, (b) as a declaration against interest by a party to the suit: Wolf v. Studebaker, 65 Pa. 459; Caldwell v. Caldwell, 24 Pa. Superior Ct. 230. This error was cured, however, by the subsequent admission of the same testimony: Com. v. Danz, 211 Pa. 507; Fitzpatrick v. Traction Co., 206 Pa. 335; Sheinman Bros. v. Hovland-Sardeson-M. Co., 78 Pa. Superior Ct. 479, 485; Spotts v. Spotts, 4 Pa. Superior Ct. 448; Com. v. Little, 12 Pa. Superior Ct. 636.

The judgment is affirmed.