## Hopshire v. Yesenosky, Appellant.

Argued April 16, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Peter P. Zion,* with him *Rufus S. Marriner,* for appellant.

*John J. Moschetta,* for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1945:

The plaintiff, a guest passenger, brought this action in trespass charging the defendant with negligently driving his car into a concrete culvert, causing plaintiff serious injuries. The trial resulted in a ver-

dict in the sum of $3,000, reduced by the court to $2,181. Defendant has appealed from the refusal of his motion for a new trial.

The evidence may be summarized briefly as follows: The plaintiff, a member of the armed forces of the United States, was visiting his home at Besco, Washington County. He met the defendant, an acquaintance of his, at Conti's store about 1 o'clock in the morning of October 10, 1943. Plaintiff expressed an intention of visiting a girl friend who lived on a farm a short distance away. An arrangement was made for the defendant to drive him to the home of this girl. Practically the only conflict in the testimony was over the inconsequential matter of whether the trip was undertaken solely at plaintiff's request or that defendant offered to take him.

It was not a great while after they left the store that the car suddenly ran off the road, which was dry and the weather fair, and hit a cement wall. This abnormal occurrence indicated, in the absence of any explanation, that the driver failed to use proper care in the management of his car. In such circumstances prima facie proof of negligence was established, making it necessary to submit the factual issues to the jury: *Knox v. Simmerman,* 301 Pa. 1, 151 A. 678; *Ravis v. Shehulskie,* 339 Pa. 161, 163, 14 A. 2d 70. The defendant himself attributed the accident to his falling asleep, which was a confirmation of plaintiff's allegation of negligence.

It is argued that the trial judge erred in refusing to charge the jury as requested, that if they found the trip was undertaken solely at plaintiff's instance, the relation between him and the defendant was that of master and servant, and in that event the negligence of the defendant would be imputed to the plaintiff. The jury was instructed that even if they found the defendant was acting as a servant or agent of the plaintiff it was defendant's duty to exercise reasonable care and a failure

to do so would make him liable. Those instructions were correct; they conform to our decisions.

We find no evidence in this case to establish the relationship between the parties of master and servant, but assuming that status existed, the fact remains that the proof conclusively shows that plaintiff was injured as the result of defendant's negligence. It makes no difference whether the relation of master and servant, co-servants, principal and agent exists, or that the parties were engaged in a common or joint enterprise, "no person may negligently injure another without being responsible for damages: *Donohue v. Jette,* 106 Conn. 231, 232, 137 A. 724." *Johnson v. Hetrick,* 300 Pa. 225, 232, 150 A. 477. Nor is it a matter of vital importance whether plaintiff was a guest passenger, who requested the defendant to drive him to the place he desired to go or whether the defendant volunteered to take him. In either case the defendant in operating his car was bound to use due caution.

In *Spencer v. Jones,* 319 Pa. 231, 179 A. 75, a driver of a car picked up a passenger who signalled him. The court there said, p. 233: "It is difficult to see why a person who becomes a self-invited guest in an automobile, under circumstances such as those before us, should be covered by a different rule of law as to the vehicle's operation from that which applies to one who enters such a conveyance on the invitation of the owner. In each instance, the operator of the car has the safety of another human being in his keeping. It would seem that he should exercise ordinary care for both classes of guests, and it sounds somewhat strange to say, as to one of them, that he need not be ordinarily careful in operating his car. Whether self-invited or owner-invited, the guest enters the car with the assent of the owner." See, also, *Curry v. Riggles,* 302 Pa. 156, 153 A. 325; *Ravis v. Shehulskie,* supra.

The appellant contends that the judge's charge is in conflict with *Rodgers et al. v. Saxton,* 305 Pa. 479,

158 A. 166, where the joint enterprise rule was applied. This is not a case where negligence is imputed to a driver under that doctrine. There is no evidence that would warrant a finding that the plaintiff had authority over, or joint control with, the defendant driver or some right to voice in the management and direction of the vehicle: *Ward v. Philadelphia Rapid Transit Company,* 117 Pa. Superior Ct. 120, 124, 177 A. 485. Furthermore, this rule cannot be invoked in an action brought by the passenger against a driver where the latter negligently injures the former. ". . . that they were engaged in a joint enterprise is no defense." *Curry v. Riggles,* supra, p. 160; *Johnson v. Hetrick,* supra.

No reason has been advanced to justify our disturbing the action of the court below.

Judgment is affirmed.