Denton v. Michel's Bakery Co., Appellant, et al.

Argued November 16, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine, Stokes & Hamilton,* for appellant.

*James E. Gallagher, Jr.,* with him *Wilson Stradley* and *Stradley, Ronon, Stevens & Young,* for plaintiff, appellee.

*Robert A. Detweiler* and *George H. Detweiler,* for individual defendant, appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1950:

Plaintiff was in an automobile which was being driven by a friend, Kenneth Parker, and which came into collision at a street intersection with a truck owned and

operated by Michel's Bakery Company. To recover damages for the injuries he sustained he brought suit against both Parker and the Bakery Company. The jury returned a verdict in favor of the defendants. Plaintiff filed a motion for a new trial assigning in support thereof nine reasons. The court en banc rejected all of these except two which it sustained, namely, that the court erred in charging that plaintiff could not recover against Parker for the latter's negligence, and that the court erred in failing to charge that the defendants could be jointly liable to plaintiff. Because of these two assumed errors the court granted a new trial as against both defendants, from which order the Bakery Company appeals.

It appears that the car in which plaintiff was riding was owned by his brother-in-law who, on this occasion, allowed plaintiff and Parker to use it. At the time of the accident they were on their way to a restaurant for breakfast, and they also intended to make some business calls. The question as to the relationship between Parker, who was driving the car, and plaintiff, who was seated therein, is of no legal importance in the case because, whatever it was, plaintiff was entitled to recover from Parker if the latter was negligent in the operation of the car, for no person may negligently injure another without being responsible for damages: *Johnson v. Hetrick,* 300 Pa. 225, 232, 150 A. 477, 479; *Perry v. Ryback,* 302 Pa. 559, 564, 153 A. 770, 771; *Hopshire v. Yesenosky,* 157 Pa. Superior Ct. 545, 547, 43 A. 2d 351, 352. But while it is true, therefore, that the court erred in charging the jury that plaintiff could not recover against Parker for the latter's negligence, this was a pure error of law which did not affect the liability of the Bakery Company either factually or legally. Since it concerned only Parker, and did not involve any question in regard to the way in which the accident happened,

it did not warrant the granting of a new trial as to the Bakery Company or the nullification of the verdict in favor of that defendant: *Fitzpatrick, Administratrix, v. Sheppard,* 346 Pa. 240, 29 A. 2d 475; cf. *Frank v. W. S. Losier & Co., Inc.,* 361 Pa. 272, 277, 64 A. 2d 829, 831.

That the court failed to charge that the defendants could be jointly liable to plaintiff was not error at all. If Parker was not negligent there could not, of course, have been a recovery from *him,* and if, on the other hand, he *was* negligent there could not have been a recovery from the *Bakery Company,* because, whether Parker was plaintiff's servant or whether they were both engaged in a joint enterprise,* in either event, as against the Bakery Company, the negligence of Parker would be imputed to plaintiff and a recovery from the Bakery Company would thereby be precluded: *Schofield v. Director General of Railroads,* 276 Pa. 508, 510, 120 A. 449, 450; *Hepps v. Bessemer & Lake Erie R. R. Co.,* 284 Pa. 479, 481, 131 A. 279; *Curry v. Riggles,* 302 Pa. 156, 160, 153 A. 325, 326. It follows that the defendants could *not* have been jointly liable to plaintiff, and the court committed no error in failing to charge to the contrary.

Since, then, the one reason why the court granted a new trial did not affect the Bakery Company in any manner whatsoever, and since the other reason was a mistaken assumption on the part of the court that it had committed error, it follows that, as to the Bakery Company, the order granting a new trial should be reversed.

The order granting a new trial as to the defendant Michel's Bakery Company is reversed.

---

* The evidence would not permit of any finding that plaintiff was not at least equally in control with Parker.